# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UMESH HEENDENIYA, )<br>Plaintiff, )<br>v. )<br> )<br>THOMAS MILLER, FBI AGENT ASSIGNED TO )<br>THE TAMPA-ORLANDO JOINT TERRORISM )<br>TASK FORCE (JTTF); SONYA YONGUE, FBI )<br>AGENT ASSIGNED TO THE TAMPA-ORLANDO )<br>JTTF; DAVID KORTMAN, HERNANDO COUNTY )<br>SHERIFF'S DETECTIVE AND HCSO TASK FORCE )<br>OFFICER (TFO) ASSIGNED TO THE )<br>TAMPA-ORLANDO JTTF; ALVIN NIENHUIS, )<br>HERNANDO COUNTY SHERIFF; HERNANDO )<br>COUNTY SHERIFF'S OFFICE (HCSO); PAUL )<br>WYSOPAL, FBI SPECIAL AGENT IN CHARGE )<br>(SAC) OF THE TAMPA-ORLANDO FIELD OFFICE; )<br>REGINA LOMBARDO, BATFE SPECIAL AGENT )<br>IN CHARGE (SAC) OF THE TAMPA-ORLANDO )<br>FIELD OFFICE; JOHN AND/OR JANE DOES 1-50; )<br>Defendants. ) | Civil Action No. 8:20-CV-0114-WFJ-SPF<br><br>Honorable William F. Jung<br>(U.S. District Judge)<br><br>Honorable Sean P. Flynn<br>(U.S. Magistrate Judge) |

### PLAINTIFF'S MOTION REQUESTING AN ENLARGEMENT OF TIME TO FILE AND SERVE THE 'RELATED CASE ORDER' AND THE 'CERTIFICATE OF INTERESTED PERSONS ORDER.'

The *pro se*, mentally and physically disabled Plaintiff Umesh Heendeniya (henceforth "Heendeniya"), hereby states the following:

1. I am the *pro se*, mentally and physically disabled Plaintiff in this legal action.

2. On Wednesday, Jan. 15, 2020, I filed a lawsuit against the above-named Defendants under the legal theories of Bivens Action, 42 USC §1983, Monell Claim, and Florida State Tort Claim(s), etc.

3. On Jan. 21, 2020, The Court entered the 'Related Case Order' and the 'Certificate of Interested Persons Order.'

4. On or about the same day, Heendeniya's Ex-Parte Motion Requesting filing privileges to The M.D. of Florida EM-ECF Filing System was docketed. *See*, Dkt. No. 4.

5. In the order that The Court entered on the 21st, The Court Stated that "No later than 15 days from the date of this Order" the 'Related Case Order' and the 'Certificate of Interested Persons Order' must be filed and served.

6. Pursuant to Fed. R. Civ. P. 6(a)(1)(A), the 15th day mark should fall on today-- Feb. 06, 2020. *See*, date calculator result shown below, and relevant parts of Fed. R. Civ. P. 5 and Fed. R. Civ. P. 6 given below:

## Date Calculator: Add to or Subtract From a Date

Enter a start date and add or subtract any number of days, months, or years

Count Days    **Add Days**    Workdays    Add Workdays    Weekday    Week №

**Start Date**

| Month: | Day: | Year: | Date: | Add/Subtract: | Years: | Months: | Weeks: | Days: |
|---|---|---|---|---|---|---|---|---|
| 1 | 22 | 2020 |  | (+) Add |  |  |  | 15 |

Today

Include the time                    Include only certain weekdays

☐ **Repeat**

**Calculate New Date**

From **Wednesday, January 22, 2020**
Added 15 days

**Result: Thursday, February 6, 2020**

**Fed. R. Civ. P. 6. Computing and Extending Time; Time for Motion Papers.**
(a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.

(1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:

(A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

...

(b) Extending Time.

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

(2) Exceptions. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

...

(d) Additional Time After Certain Kinds of Service. When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a).

## Fed. R. Civ. P. 5. Serving and Filing Pleadings and Other Papers.

...

(b) Service: How Made.

...

(1) Serving an Attorney. If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.

(2) Service in General. A paper is served under this rule by:

(A) handing it to the person;

(B) leaving it:

(i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or

(ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

(C) mailing it to the person's last known address—in which event service is complete upon mailing;

(D) leaving it with the court clerk if the person has no known address;

(E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or

(F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

(3) Using Court Facilities.

7. Yesterday-- Wednesday, Feb. 05, 2020-- Heendeniya drove to the Tampa courthouse to file the 6-page 'Notice of the "Related Case Order" and the "Certificate of Interested Persons Order"' which contained approx. 45 pages of Exhibits, and a motion requesting The Court to enlarge the time allowed to file and serve the 'Related Case Order' and the 'Certificate of Interested Persons Order.'

8. He reached the corner of North Central Avenue and Martine Luther King Jr Boulevard at 4PM in traffic, and realized that the U.S. Marshals had closed the federal courthouse door at 4PM, and thus he had to drive back home, without being able to file the time enlargement motion.

9. Respectfully, Heendeniya has not been able to <u>file and serve</u> the 'Related Case Order' and the 'Certificate of Interested Persons Order' yet.

10. Heendeniya intends to file the 'Related Case Order' and the 'Certificate of Interested Persons Order,' possibly 1-day late, but will not have served them to the Defendants by the 15th day mark.

11. Therefore, Pursuant to Fed. R. Civ. P. 6(b), Heendeniya respectfully requests and enlargement of time by 2 weeks in order for him to <u>file and serve</u> the prior noted documents on the Defendants.

12. Given Heendeniya's documented mental disabilities, he respectfully states that the following legal authority supports his request for said relief:

> Rule 6(b)(1)of the Federal Rules of Civil Procedure provides that, when a party files a motion after the time for doing so expires, a court may, for good cause, extend the time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The term "excusable neglect" appears in a number of procedural rules. The Supreme Court has identified four factors to guide courts in determining whether excusable neglect has occurred: "'the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993)).

<u>Staley v. Owens</u>, 367 Fed.Appx. 102, 105 (11th Cir. 2010)

> Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time:. . . B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Rule 6(b) confers discretion on the district court to accept untimely filings, but any post-deadline extension request must show that the failure to meet the deadline "was the result of excusable neglect." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990).

<u>Inglis v. Wells Fargo Bank NA</u>, 14-cv-677 (M.D.Florida February 16, 2017)

Respectfully submitted,<br>
*pro se*, mentally and physically disabled Plaintiff,

Umesh Heendeniya<br>
P. O. Box 5104<br>
Spring Hill, FL-34611

(508)-630-6757
umeshheendeniyavsthefbi@gmail.com

Dated : Feb. 06, 2020