RECEIVED
2020 APR 15 PM 3: 54
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| UMESH HEENDENIYA, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. ~~5:15-CV-01238-GTS-TWD~~ |
| ) | |
| THOMAS MILLER, FBI AGENT ASSIGNED TO ) | Honorable William F. Jung |
| THE TAMPA-ORLANDO JOINT TERRORISM ) | (U.S. District Judge) |
| TASK FORCE (JTTF); SONYA YONGUE, FBI ) | |
| AGENT ASSIGNED TO THE TAMPA-ORLANDO ) | Honorable Sean P. Flynn |
| JTTF; DAVID KORTMAN, HERNANDO COUNTY ) | (U.S. Magistrate Judge) |
| SHERIFF'S DETECTIVE AND HCSO TASK FORCE ) | |
| OFFICER (TFO) ASSIGNED TO THE ) | |
| TAMPA-ORLANDO JTTF; ALVIN NIENHUIS, ) | |
| HERNANDO COUNTY SHERIFF; HERNANDO ) | |
| COUNTY SHERIFF'S OFFICE (HCSO); PAUL ) | |
| WYSOPAL, FBI SPECIAL AGENT IN CHARGE ) | |
| (SAC) OF THE TAMPA-ORLANDO FIELD OFFICE; ) | |
| REGINA LOMBARDO, BATFE SPECIAL AGENT ) | |
| IN CHARGE (SAC) OF THE TAMPA-ORLANDO ) | |
| FIELD OFFICE; JOHN AND/OR JANE DOES 1-50; ) | |
| Defendants. ) | |

[handwritten note: 20cv114T02-SPF]

### MOTION FOR EXTENSION OF TIME TO (i). COMPLETE AND FILE MOTION TO AMEND COMPLAINT; (ii). SERVE PROCESS ON NAMED DEFENDANTS.

*Pro se*, mentally and physically disabled Plaintiff Umesh Heendeniya (henceforth "Heendeniya"), hereby states as follows:

### PROCEDURAL HISTORY

1. This legal action is a civil rights case brought in part under 42 USC § 1983; *Bivens* v. *Six Unknown Named Agents*, 456 F.2d 1339 (1972); and *Monell* v. *Department of Social Services*, 436 U.S. 658 (1978), seeking compensatory and punitive damages, and seeking injunctive relief and declaratory judgment against several law enforcement agencies and several law enforcement officials (i.e., amongst others, these officials are FBI Agents, ATF Agents, JTTF Agents/Deputies/Troopers/Officers, and Hernando County Sheriff's

Deputies) who have subjected Heendeniya to surveillance, harassment, intimidation, and stalking for the past approx. 9 years, causing him high stress, intimidation, pain and suffering, and deterioration of his health condition.

2. Heendeniya filed the complaint on Jan. 15, 2020. Thus, pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 6(a)(1), the deadline for serving process on the named Defendants is today-- April 15, 2020.

3. However, as noted in prior filings in the docket, Heendeniya is presently in the middle of completing the amended complaint which he intends to file with the Court, pursuant to Fed. R. Civ. P. 15(a)(2).

## CONCISE STATEMENT OF RELIEF REQUESTED

Heendeniya, respectfully moves the Court for an order enlarging or extending the time to serve process (i.e., the amended complaint and the summons) on the named Defendants, pursuant to Fed. R. Civ. P. 6(b)(1), for an additional sixty (60) days (from Wednesday, April 15, 2020 to Monday, June 15, 2020), and also time until Monday, May 4, 2020, to file his Motion to Amend Complaint (which will contain, as an exhibit, the proposed amended complaint).

## BASIS FOR RELIEF REQUESTED

4. Heendeniya has documented mental and physical disabilities.

5. Due to his mental his disabilities-- Type-2 Manic Depression and PTSD-- his cognitive, thinking/apprehending, and ability to remember, in regard to complex material (such as material dealing with jurisprudence) is limited due to his mental disabilities. *See*, Exhibit marked as "A" that is attached hereafter.

6. His physical disabilities include Type-2 Diabetes, Neuropathy, and Hypercholesterolemia. *See*, Exhibit marked as "B" that is attached hereafter.

7. Therefore, Heendeniya hereby requests reasonable disability accommodation from the Court pursuant to Title II of the ADA, Section 504 of the Rehabilitation Act of 1973, The Fifth and Fourteenth Amendments to the U.S. Constitution (the Equal Protection clause and/or the Due process clause), The Petition Clause of the First Amendment, *Tennessee* v. *Lane*, 541 U.S. 509 (2004), *California Motor Transport Co.* v. *Trucking Unlimited*, 404 US 508, 510 (1972), *Alexander* v. *Choate*, 469 U.S. 287, 301 (1985), *Kennedy* v. *Dresser Rand Co.*, 193 F.3d 120, 122 (2d Cir. 1999), *Oconomowoc Residential Programs* v. *City of Milwaukee*, 300 F.3d 775, 784 (7th Cir. 2002), and the prior listed cases' progeny, in litigating the instant legal action before the Court.

8. By granting the time extension requested, Heendeniya will be able amend the complaint and serve process on the named Defendants.

9. In addition, due to the legal authorities given below, Heendeniya respectfully asks that the Court grant him the relief requested.

## MEMORANDUM OF LEGAL AUTHORITY

10. The U.S. Supreme Court has noted in several instances that when a litigant is proceeding *pro se*, the litigant's documents are "to be liberally construed," *Estelle* v. *Gamble*, 429 US 97, 106, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson* v. *Pardus*, 551 U.S. 95 (2007).

11. In regards to being allowed to amend the complaint, the Supreme Court has stated that 'Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"' *Foman* v. *Davis*, 371 U.S. 178, 182 (1962).

12. In regards to time extensions pursuant to Fed. R. Civ. P. 6(b), the U.S. Court of Appeals for the 11th Circuit has stated:

> 'However, when an act must be done within a specified time, the district court may extend the time for good cause "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In analyzing excusable neglect, the court should look at (1) the danger of prejudice to the non-movant, (2) the length of the delay and its possible impact on the judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Advanced Estimating Sys.*, 130 F.3d at 997-98. The Supreme Court has explained that excusable neglect can include an "inadvertent or negligent omission." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 113 S. Ct. 1489, 1498 (1993) (construing a Bankruptcy Rule).'

*Kirkland* v. *Guardian Life Insurance Company of America* (11th Cir. August 19, 2009).

13.     'Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time:. . . B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Rule 6(b) confers discretion on the district court to accept untimely filings, but any post-deadline extension request must show that the failure to meet the deadline "was the result of excusable neglect." *Lujan* v. *Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990).'

*Inglis* v. *Wells Fargo Bank NA*, 14-CV-677 (M.D. Florida February 16, 2017).

14. This Court has noted that:

> 'Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." The decision whether to permit an amendment is within the sound discretion of the court. *Foman* v. *Davis*, 371 U.S. 178, 182 (1962). The Motion sub judice was filed over seven (7) months after the Court's deadline.
>    "When a party files a motion for leave to amend a pleading after the applicable scheduling order deadline has passed, the party is in effect seeking to modify this deadline." *Coach Inc.* v. *Visitors Flea Mkt., LLC*, 6:11-cv-1905-Orl-19GJK, 2012 WL 12905809, at *1 (M.D. Fla. June 11, 2012) (citing *Sosa* v. *Airprint Sys.*, Inc., 133 F.3d 1417, 1419 (11th Cir. 1998)). Thus, the Undersigned applies the good cause and excusable neglect standards found in Rules 6 and 16 in determining whether to grant an untimely motion for leave to amend a pleading. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the

> time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Estate of Miller v. Thrifty Rent-A-Car Sys.*, Inc., 609 F. Supp. 2d 1235, 1252 ("[W]hen a party files a motion for leave to amend a pleading after the relevant scheduling order deadline has passed, the party must demonstrate both good cause and excusable neglect for the untimely motion." (citing Fed. R. Civ. P. 6(b)(1)(B), 16(b)(4))). Only then does the court consider whether amendment is proper under Fed. R. Civ. P. 15(a). *Sosa*, 133 F.3d at 1419.
>
> The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id.* at 1418. Furthermore, with regard to excusable neglect, this Court has recognized that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Estate of Washington v. Carter's Retail, Inc.*, 3:10-CV-1136-J-32TEM, 2011 WL 2731291, at *2 (M.D. Fla. July 13, 2011) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). The determination of whether a party has established excusable neglect "is at bottom an equitable one." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. The Supreme Court has identified four factors courts should consider: "(1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Estate of Washington*, 2011 WL 2731291, at *3 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).'

*Harris* v. *Rambosk* (M.D. Florida July 1, 2019).

15. This Court has also noted that:

> 'A court must extend the time for service if the plaintiff establishes good cause. Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 6(b)(1)(A) (stating the court may, for good cause, grant extensions of time requested "before the original time or its extension expires").
>
> In cases involving pro se plaintiffs, courts have discretion to liberally construe the good-cause requirement under Rule 4(m). *See Kelly* v. *Humphrey-Barnett*, 100 F.3d 963, 1996 632800, at *1 (9th Cir. 1996) (unpublished) (citation omitted) (stating courts give latitude to pro se prisoner litigants under Rule 4(m)); *see also Espinoza* v. *United States*, 52 F.3d 838, 842 (10th Cir. 1995) (stating courts should consider the complex service requirements of Rule 4(i) when deciding whether to grant a permissive extension of time under Rule 4(m)).'

*Tolbert* v. *Scruggs* (M.D. Florida August 2, 2019).

## CERTIFICATE OF GOOD FAITH CONFERENCE

Because Heendeniya needs to amend the complaint that was filed approx. 3 months ago prior to serving process on the named Defendants, no attorneys representing any of the Defendants have made appearance in the instant case yet, and thus there was no conference.

Respectfully submitted,<br>
*Pro se*, mentally and physically disabled Plaintiff,<br><br>
*/s/ Umesh Heendeniya*<br>
Umesh Heendeniya<br>
P. O. Box 5104<br>
Spring Hill, FL-34611<br>
(508)-630-6757<br>
umeshheendeniyavsthefbi@gmail.com

Dated : April 15, 2020.

# EXHIBIT A

# ISLAND COUNSELING CENTER, P.C.
## 108 Grove Street, 2nd Floor
## Worcester, MA 01605
## TEL: 508-753-3220
## FAX: 508-753-3224

July 6, 2012


Reference:   Umesh Heendeniya
             DOB: 05/05/70

To Whom It May Concern:

Mr. Heendeniya has been under my psychiatric care since 10/26/07. He is diagnosed with Postraumatic Stress Disorder, Bipolar Disorder, Not Otherwise Specified, and Impulse Control Disorder. He was also diagnosed with Attention Deficit Hyperactivity Disorder in 2000 by a psychiatrist in Virginia. He endorses difficulty focusing, and attention, takes longer to complete tasks, and difficulty with multitasking. He is currently prescribed Trileptal, Xanax, Lamictal, Lexapro, Strattera, and Risperdal.

Sincerely,

*[signature]*

Kimberly Lovett, M.D.
Psychiatrist

Tampa Palms Professional Center
17407 Bridge Hill Court, Unit A
Tampa, FL 33647
(813) 971-1800
(813) 971-1804 (fax)

# Marina Waisman, M.D.

October 5, 2015

Mr. Heendeniya has been under my care for the treatment of Posttraumatic Stress Disorder and Bipolar type II Disorder since 11/10/2014.

He is currently taking the following medications for the treatment of the above stated conditions:

Risperidone 1 mg once a day
Trileptal 300 mg once a day
Strattera 60 mg once a day
Alprazolam 0.5 mg once a day
Lexapro 20 mg once a day
Lamictal 150 mg once a day

Sincerely,

Marina Waisman, M.D.

# EXHIBIT B

For Umesh Heendeniya, Date of Birth: 5/5/1970

Asha A. Naidu, MD
190 Groton Road, Suite 290, Ayer, MA 01432
978-772-1277

8/16/2012

Regarding: Umesh Heendeniya (DOB: 5/5/1970)

To Whom It May Concern:

Mr. Heendeniya is a patient of mine and has been under my care since 6/3/2008. He has been diagnosed with Diabetes, and Hypercholesterolemia. Mr. Heendenyia is currently taking metformin to help control his blood sugar, and simvastation to control his high cholesterol.

Sincerely,

Asha A. Naidu, MD



**FLORIDA HOSPITAL ZEPHYRHILLS**

Physician Group

9/24/15

Regarding: Umesh Heendeniya DOB: 5/5/1970

To Whom It May Concern:

Mr. Heendeniya is a patient of mine and has been under my care since 5/22/15. He has been diagnosed with diabetes, hypercholesterolemia, and neuropathy. Mr. Heendeniya is currently taking Metformin to help control his blood sugar. Simvastatin, Vascepa and Fenofibrate to control his high cholesterol. He is also taking Neurontin for neuropathy.

Sincerely,

*Stacy Taylor Hunt*

Stacy Taylor Hunt, DO

Florida Hospital Zephyrhills Family Medicine

37908 Daughtery Road, Suite B  |  Zephyrhills, FL 33541  |  (813) 702-4944 Phone  |  (813) 702-4947 Fax