UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMESH HEENDENIYA,

    Plaintiff,

v.                                            Case No. 8:20-cv-114-T-02SPF

THOMAS MILLER, FBI Agent assigned
to the Tampa-Orlando Joint Terrorism
Task Force (JTTF), et al.,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which the Court construes as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court, upon a finding of indigency, may authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915. After reviewing the affidavit of indigency to determine the economic status of the litigant, the Court must review the case and dismiss it *sua sponte* if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

    Here, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) demonstrates that Plaintiff is indigent. Next, the Court determines whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such suit. While the Court

holds complaints in pro se actions to less stringent pleading standards, pro se plaintiffs remain subject to the same law and rules of court as a litigant represented by counsel. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiff attempts to assert claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. § 1983, and *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658 (1978). Plaintiff's Complaint, however, is an impermissible shotgun pleading in that it fails to give Defendants adequate notice of the claims against them and the grounds upon which each claim rests. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *Yeyille v. Miami Dade Cty. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016). Plaintiff fails to separate into a different count each cause of action or claim for relief. In addition, Plaintiff asserts multiple claims against the named Defendants without specifying which of the Defendants are responsible for which acts or omissions, or which of the Defendants the claim is brought against. In fact, most of the Defendants are not even mentioned in the factual allegations (*see* Doc. 1). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). While the Complaint sets forth a *Bivens* cause of action[1] against Defendant Thomas Miller by alleging entry into Plaintiff's home without his permission (Doc. 1-1 at ¶ 54), Plaintiff has not alleged any factual support for any other cause of action against any of the named Defendants.

In order to cure the deficiencies discussed and because Plaintiff intends to seek leave of Court to file an amended complaint (*see* Doc. 11), the Court will allow Plaintiff to amend

---

[1] Under *Bivens*, a plaintiff may sue federal officials for the violation of certain constitutional rights.

his Complaint.[2] Plaintiff's amended complaint should be limited to Defendants against which Plaintiff has a viable cause of action and must specify which facts and claims apply to which Defendant. While Plaintiff has stated his intention to file an amended complaint that is "several hundreds of pages in length" (Doc. 4), the Court cautions Plaintiff that the amended complaint must set forth "a *short* and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). An amended complaint that is excessive in length may be subject to dismissal. *See Harrison v. Bd. of Regents of Univ. Sys. of Georgia*, 519 F. App'x 641, 643 (11th Cir. 2013) (affirming the dismissal of an amended complaint that was 82 pages and 295 paragraphs in length). Plaintiff's deadline to file an amended complaint is **May 4, 2020**.

Plaintiff also seeks leave to access the Court's CM/ECF filing system (Doc. 4). "Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FtM-29DNF, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014) (denying a pro se plaintiff's motion to permit electronic filing where the plaintiff failed to show good cause for the requested relief); *see also Postell v. Nestle Prepared Foods Co. USA*, No. 3:18-cv-1134-J-JBT, 2019 WL 5102552, at *2 (M.D. Fla. Jan. 25, 2019) (denying pro se plaintiff's request for permission to file documents electronically where plaintiff's being out of state did not constitute extenuating circumstances necessitating access to CM/ECF). Here, Plaintiff's request is based upon the fact that his amended complaint with exhibits will be several hundreds of pages in length and access would alleviate the burden on court staff of having to scan and upload these pages

---

[2] Plaintiff is encouraged to consult the "Proceeding Without Lawyers" guidelines on the court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers..

(Doc. 4 at ¶¶ 8-10).  This, however, does not constitute the type of extenuating circumstances warranting access to CM/ECF.

Accordingly, it is hereby **ORDERED**:

1. The Court **DEFERS RULING** on Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) pending the filing of an amended complaint.

2. On or before **May 4, 2020**, Plaintiff must file an amended complaint that states an actionable claim against each defendant named.

3. Plaintiff's failure to timely file an amended complaint will result in a recommendation of dismissal.

4. Plaintiff's Ex-Parte Motion Requesting Access to the Court's CM/ECF Document Filing System (Doc. 4) is **DENIED**.

5. Plaintiff's Motion for Extension of Time to (i) Complete and File Motion to Amend Complaint and (ii) Serve Process on Named Defendants (Doc. 11) is **GRANTED IN PART**.  Plaintiff may file his amended complaint as described above without filing a motion to amend.  Similarly, Plaintiff need not serve the complaint or amended complaint on any Defendant prior to the Court ruling on Plaintiff's motion to proceed *in forma pauperis*.

**ORDERED** in Tampa, Florida, on April 17, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE