

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |  |
|---|---|---|
| UMESH HEENDENIYA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 8:20-cv-114-T-02SPF |
| | ) | |
| THOMAS MILLER, FBI AGENT ASSIGNED TO | ) | Honorable William F. Jung |
| THE TAMPA-ORLANDO JOINT TERRORISM | ) | (U.S. District Judge) |
| TASK FORCE (JTTF); SONYA YONGUE, FBI | ) | |
| AGENT ASSIGNED TO THE TAMPA-ORLANDO | ) | Honorable Sean P. Flynn |
| JTTF; DAVID KORTMAN, HERNANDO COUNTY | ) | (U.S. Magistrate Judge) |
| SHERIFF'S DETECTIVE AND HCSO TASK FORCE | ) | |
| OFFICER (TFO) ASSIGNED TO THE | ) | |
| TAMPA-ORLANDO JTTF; ALVIN NIENHUIS, | ) | |
| HERNANDO COUNTY SHERIFF; HERNANDO | ) | |
| COUNTY SHERIFF'S OFFICE (HCSO); PAUL | ) | |
| WYSOPAL, FBI SPECIAL AGENT IN CHARGE | ) | |
| (SAC) OF THE TAMPA-ORLANDO FIELD OFFICE; | ) | |
| REGINA LOMBARDO, BATFE SPECIAL AGENT | ) | |
| IN CHARGE (SAC) OF THE TAMPA-ORLANDO | ) | |
| FIELD OFFICE; JOHN AND/OR JANE DOES 1-50; | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S
## ORDER ISSUED ON APRIL 17, 2020.

*Pro se*, mentally and physically disabled Plaintiff Umesh Heendeniya (henceforth

"Heendeniya"), pursuant to Fed. R. Civ. P. 72(a), 28 USC § 636(b)(1)(A), Fed. R. Civ. P.

6(a)(1), and Fed. R. Civ. P. 6(d), respectfully objects to the Magistrate Court's order entered on

April 17, 2020. With great respect, Heendeniya avers that the Magistrate Court erred in ruling

that:

"4. Plaintiff's Ex-Parte Motion Requesting Access to the Court's CM/ECF Document

Filing System (Doc. 4) is DENIED." *Heendeniya* v. *Miller*, et al., 20-cv-114-T-02SPF (M.D.Fla.

April 17, 2020)(Flynn, MJ), Dkt. No. 12, p. 4.

*Umesh Heendeniya v. Thomas Miller, et al.*

## PROCEDURAL HISTORY

1. This legal action is a civil rights case brought in part under 42 USC § 1983; *Bivens* v. *Six Unknown Named Agents*, 456 F.2d 1339 (1972); and *Monell* v. *Department of Social Services*, 436 U.S. 658 (1978), seeking compensatory and punitive damages, and seeking injunctive relief and declaratory judgment against several law enforcement agencies and several law enforcement officials (i.e., amongst others, these officials are FBI Agents, ATF Agents, JTTF Agents/Deputies/Troopers/Officers, and Hernando County Sheriff's Deputies) who have subjected Heendeniya to surveillance, harassment, intimidation, and stalking for the past approx. 9 ½ years, causing him high stress, intimidation, pain and suffering, and deterioration of his health condition.

2. Heendeniya filed the complaint of this lawsuit on Jan. 15, 2020.

3. On April 15, 2020, Heendeniya filed a motion-- pursuant to Fed. R. Civ. P. 6(b)(1)-- requesting a time extension to complete and file a 'motion to amend complaint,' and time thereafter to serve process on the named Defendants.

4. On April 17, 2020, the Magistrate Court entered the order-- docketed at Dkt. No. 12-- denying Heendeniya access to the Court's CM/ECF Document Filing System so he could directly electronically file litigation documents in the instant case.

### CONCISE STATEMENT OF RELIEF REQUESTED

Heendeniya, respectfully moves the District Court, *per* Fed. R. Civ. P. 72(a) and 28 USC § 636(b)(1)(A), for an order granting him access to the U.S. District Court for The Middle District of Florida's CM/ECF Document Filing System and granting him electronic filing privileges with the Court's CM/ECF Document Filing System.

## BASIS FOR RELIEF REQUESTED

**5.** On Jan. 15, 2020, Heendeniya filed an 'Application to Proceed in District Court Without Prepaying Fees or Costs,' (Dkt. No. 2) which the Court construed as a motion to proceed *in forma pauperis*.

**6.** Due to Heendeniya, disclosing in detail, his financial and economic status in the above application, the Court found him to be indigent for the purpose of his 'Application to Proceed in District Court Without Prepaying Fees or Costs.' *See*, Dkt. No. 12, p. 1, ¶2.

**7.** Next, the Court is set to review this case, *per* 28 U.S.C. § 1915(e)(2)(B), to determine whether it must dismiss the legal action *sua sponte*, if the Court determines that it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief."

**8.** On April 17, 2020, the Court ruled that Heendeniya should file an Amended Complaint by May 04, 2020, which the Court will subject to the 28 U.S.C. § 1915(e)(2)(B) requirements and scrutiny.

**9.** With great respect to the Magistrate Court, Heendeniya states that on p. 3, ¶2 and p. 4, ¶1 of Dkt. No. 12, the Court made legal error by limiting its factual and legal analysis to <u>solely</u> Heendeniya's altruistic concern for the staff of the Clerk of Court, who might be excessively burdened as a result of having to scan a large number of pages (in the amended complaint and its attached exhibits) into the Court's CM/ECF electronic docket system. *Viz*:

> Plaintiff's request is based upon the fact that his amended complaint with exhibits will be several hundreds of pages in length and access would alleviate the burden on court staff of having to scan and upload these pages (Doc. 4 at ¶¶ 8-10). This, however, does not constitute the type of extenuating circumstances warranting access to CM/ECF.

*Heendeniya* v. *Miller, et al.*, 20-cv-114-T-02SPF (M.D.Fla. April 17, 2020)(Flynn, MJ), Dkt. No. 12, pp. 3-4.

10. Respectfully, Heendeniya avers that the Magistrate Court didn't apply the most important fact to its analysis in determining whether to grant Heendeniya access the Court's CM/ECF electronic filing system-- the fact that Heendeniya is financially and economically indigent (which the Court had concluded on p.1, ¶2 of Dkt. No. 12).

11. In other words, given that Heendeniya has been legally deemed to be financially indigent, by denying Heendeniya electronic filing privileges to the Court's CM/ECF filing system, by deduction, it logically follows that such denial of CM/ECF access would cause him excessive and undue financial hardship, as a result of having to print, photocopy, and thereafter file pleadings, motions, legal memoranda, and legal briefs with the Court, and additionally mail hardcopies of such filings on all the Defendants.

## **LEGAL STANDARD**

12. The legal standard by which the Magistrate Judge's determination of a non-dispositive matter is reconsidered by the District Court, is "clearly erroneous or contrary to law." See 28 USC § 636(b)(1)(A).

13.    As such, to prevail in its Objection, Plaintiff must establish that the conclusions to which it objects in the Order are clearly erroneous or contrary to law. See Rule 72(a); 28 U.S.C. § 636(b)(1)(A); see also *Merritt* v. *Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981);[2] *Nat'l Ass'n for the Advancement of Colored People* v. *Fla. Dep't of Corrs.*, 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000); *Williams* v. *Wright*, No. 3:09-cv-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec.16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'") (quoting Rule 72(a)).[3] "Clear error is a highly deferential standard of review." *Holton* v. *City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted); see also *Weeks* v. *Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction

that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Botta* v. *Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting *Catskill Dev., L.L.C.* v. *Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002); see also *Pigott* v. *Sanibel Dev., LLC*, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); *Schaaf* v. *SmithKline Beecham Corp.*, Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[4]

*Lanard Toys Limited* v. *Toys "R" US-Delaware, Inc.*, 15-cv-849 (M.D.Fla. July 14, 2017).

**14.**    [4] The Court notes some authority that the "contrary to law" standard invites plenary review of a magistrate judge's legal conclusions. See e.g., *Haines* v. *Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Milwaukee Carpenter's Dist. Council Health Fund* v. *Philip Morris, Inc.*, 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); *Computer Econ., Inc.* v. *Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999). In this Circuit, however, the "contrary to law" standard has been distinguished as more deferential than de novo review. See *Merritt*, 649 F.2d at 1016-17 ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations."). Nonetheless, even to the extent the "contrary to law" standard may invite some level of plenary review, it is evident that because a magistrate is afforded broad discretion as to discovery matters, reversal as to a magistrate's discovery-related order is appropriate only where that discretion is abused. See generally *Johnson* v. *Bd. of Regents of the Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pretrial activities, including discovery and scheduling."); *Botta*, 475 F. Supp. 2d at 185; *Doe* v. *Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 547-48 (D.N.J. 2006); *Doe* v. *Marsh*, 899 F. Supp. 933, 934 (N.D.N.Y. 1995); see also CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review. But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis.").

*Lanard Toys Limited* v. *Toys "R" US-Delaware, Inc.*, 15-cv-849 (M.D.Fla. July 14, 2017).

**15.**    "[I]t is inappropriate for a District Court to consider materials not before the Magistrate Judge in reaching the conclusion that the Magistrate Judge's decision was clearly erroneous." Id. (citing *Haines* v. *Liggett Group, Inc.*, 975 F.2d 81 (3d Cir. 1992)); see also *Williams* v. *McNeil*, 557 F.3d 1287 (11th Cir. 2009) ("[W]e hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); *Ladd* v. *City of West Palm Beach*, No. 14-80662-CIV, 2015 WL 13310404, *1 (S.D. Fla.

Nov. 18, 2015) ("At the outset, the Court declines to consider arguments raised for the first time in Plaintiff's Objections, as doing so nullifies the Magistrate Judge's consideration of the matter."); *Malibu Media, LLC* v. *Pelizzo*, No. 12-22768-CIV, 2015 WL 11456462, *2 (S.D. Fla. March 28, 2014) (finding that "the Court is by no means under an obligation to address the new arguments" raised in the objection to the magistrate's report and recommendation); *Maale* v. *Kirchgessner*, No. 08-80131-CIV, 2012 WL 2254083, *6 (S.D. Fla. May 29, 2012) (finding that the objecting party forfeited its right to raise arguments by failing to produce evidence in support of that argument to the magistrate judge in the first instance).

*Bouton* v. *Ocean Properties, Ltd.*, 16-cv-80502 (S.D.Fla. June 21, 2017).

## MEMORANDUM OF LEGAL AUTHORITY

**16.** Fed. R. Civ. P. 72(a) states:

Fed. R. Civ. P. 72. Magistrate Judges: Pretrial Order.
(a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

**17.** 28 USC § 636(b)(1)(A) states:

28 USC § 636. Jurisdiction, powers, and temporary assignment
(b)
(1) Notwithstanding any provision of law to the contrary—
(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

**18.** Fed. R. Civ. P. 6(a)(1) and Fed. R. Civ. P. 6(d) state:

Fed. R. Civ. P. 6. Computing and Extending Time; Time for Motion Papers

(a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.

(1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:

(A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

…

(d) Additional Time After Certain Kinds of Service. When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a).

19. The U.S. Supreme Court has noted in several instances that when a litigant is proceeding *pro se*, the litigant's documents are "to be liberally construed," *Estelle* v. *Gamble*, 429 US 97, 106.

20. This Court has noted that 'Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum* v. *United States*,148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys").' *Young* v. *Hernando County Sheriff's Dept*, Case No. 8:08-CV-2334-T-30TGW, 3-4 (M.D.Fla. Jan. 8, 2009).

21. The primary legal precedent that the Magistrate Court relied on to conclude that Heendeniya ought not be given EM/ECF access privileges is *Huminski* v. *Vermont*, No. 2:13-cv-692-FtM-29DNF, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014).

22. Respectfully, in reviewing *Huminski*, the facts in that case show that Heendeniya's circumstances are markedly different from Mr. Scott Huminski's.

**23.** This Court noted in *Huminski* in January, 2014, that Mr. Huminski had several jurisdictional and other significant errors in his Complaint and that <u>Mr. Huminski's litigation history</u> caused this Court concern. *See* below, 9 examples from the Court's Jan. 15, 2014 order:

    **i)**   As a preliminary matter, plaintiff has failed to allege or establish probable personal jurisdiction over the named defendants 1 and "[a] court without personal jurisdiction is powerless to take further action." *Huminski* v. *Vermont*, No. 2:13-cv-692-FtM-29DNF (M.D. Fla. Jan. 15, 2014).

    **ii)**   Plaintiff asserts that the harassment statutes in Arizona (Ariz.Rev.Stat.Ann. § 13–2921) and Connecticut ( Conn.Gen.Stat. § 53a–183), and the common law of Vermont violate the First Amendment, make civil litigation illegal, and will subject him to criminal penalties if he is required to serve the defendants in this matter. Such contentions hold little merit. *2
The Arizona and Connecticut harassment statutes identified by plaintiff prohibit conduct, not speech, and require the offending party to act with the specific intent to harass. See Ariz.Rev.Stat. Ann. § 13–2921; Conn. Gen.Stat. § 53a–183.

    *Huminski* v. *Vermont*, No. 2:13-cv-692-FtM-29DNF (M.D. Fla. Jan. 15, 2014).

    **iii)**   Plaintiff has filed numerous motions for partial summary judgment (Docs.21–23, 31–33, 36–37, 48, 50, 52, 65); the motions, however, are premature. "The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, 120 F.3d 248, 253 (11th Cir.1997)
(citations omitted). Here, the defendants have not had an opportunity to commence discovery or respond because plaintiff has yet to complete service.

    *Huminski* v. *Vermont*, No. 2:13-cv-692-FtM-29DNF (M.D. Fla. Jan. 15, 2014).

    **iv)**   On November 22, 2013, plaintiff filed a Motion to Suspend and Stay all Statutes of Limitations (Doc. # 71). The motion asserts that all relevant statutes of limitations should be suspended because they are merely another tool obstructing litigation of this matter. Plaintiff has failed to provide any legal support for his argument and the Court can find none.

         *Umesh Heendeniya v. Thomas Miller, et al.*

*Huminski* v. *Vermont*, No. 2:13-cv-692-FtM-29DNF (M.D. Fla. Jan. 15, 2014).

**v)**     Plaintiff filed a Motion for Recusal (Doc. # 66) and two supplemental documents (Docs.67–68), on October 3, 4, and 7, 2013, respectively. Plaintiff seeks recusal based on the closing of the September case in favor of proceeding under this case number. Plaintiff's displeasure with the Court's Order, however, does not serve as a basis for recusal. Having presented no other basis for recusal, plaintiff's motion is denied.

*Huminski* v. *Vermont*, No. 2:13-cv-692-FtM-29DNF (M.D. Fla. Jan. 15, 2014).

**vi)**    Plaintiff filed Motions for Accommodations Pursuant to the American With Disabilities Act (Docs.17, 40) on September 10 and 11, 2013, and two Motions to Construe the Entire Record as Pleadings (Docs.44, 46) on September 16, 2013. The motions assert that all of plaintiff's filings should be construed as part of the complaint because of his cognitive disabilities. Courts generally construe pleadings liberally for pro se litigants; however, plaintiff's request would create an undue burden on the Court and the opposing parties. See Azar v. Nat'l City Bank, 382 F. App'x 880, 885 (11th Cir.2010). Plaintiff has filed more than sixty documents in this case and construing them as a single document would create an insurmountable challenge and force the parties to sift through many irrelevancies. Accordingly, plaintiff's request is denied.

*Huminski* v. *Vermont*, No. 2:13-cv-692-FtM-29DNF (M.D. Fla. Jan. 15, 2014).

**vii)**   Plaintiff filed Motions to Dispose of All Motions Concurrently with the Motion for Preliminary Injunction and to Certify those Issues for Appeal (Docs.18, 39) on September 10 and 11, 2013. Plaintiff has failed to present a question of law that merits an immediate appeal; thus, the requested relief is denied.

*Huminski* v. *Vermont*, No. 2:13-cv-692-FtM-29DNF (M.D. Fla. Jan. 15, 2014).

**viii)**  Plaintiff filed Motions to Certify Questions of Law to the Supreme Courts of Arizona, Connecticut, and Vermont (Docs.24, 29) on September 10 and 11, 2013. After reviewing the motions, the Court concludes that plaintiff has failed to present questions that merit certification. Furthermore, this Court lacks the authority to certify questions to the specified courts. Accordingly, plaintiff's request is denied.

*Umesh Heendeniya v. Thomas Miller, et al.*

*Huminski* v. *Vermont*, No. 2:13-cv-692-FtM-29DNF (M.D. Fla. Jan. 15, 2014).

ix) **Caution:** A Westlaw search for "Scott Huminski" reveals that he has history of abusive litigation practices, including the excessive filing of motions and disregard of court orders. He has been warned on numerous occasions that such conduct may result in sanctions. See Huminski v. Heretia, No. CV 11–0896–PHX–DGC, 2012 WL 1940624, at *7 (D.Ariz. July 18, 2011); Huminski v. Mercy Gilbert Medical Center, CV 12–01437–PHX–FJM, 2012 WL 4052420, at *4 (D.Ariz. Sept.14, 2012). Here, plaintiff has filed over forty motions, many of which are duplicates, but has yet to serve the defendants. Plaintiff need only file one copy of each motion and is advised that motions simply restating the arguments denied by prior orders are improper and unnecessary. Under the circumstances, the Court will reiterate the admonitions from the proceedings in Arizona. Plaintiff is cautioned that abusive litigation tactics and disregard of Court orders and the rules of procedure may result in sanctions, including dismissal.

*Huminski* v. *Vermont*, No. 2:13-cv-692-FtM-29DNF (M.D. Fla. Jan. 15, 2014).

24. Thus, to rely on *Huminski* as legal precedent-- given Mr. Huminski's past litigation behavior (as noted by the Court above) and his litigation as of Jan. 15, 2014 (the day the order was entered by this Court)-- to deny Heendeniya CM/ECF access privileges is inappropriate.

25. Similarly, when examining the other case used by the Magistrate Court, namely *Postell* v. *Nestle Prepared Foods Co. USA*, No. 3:18-cv-1134-J-JBT, 2019 WL 5102552, at *2 (M.D. Fla. Jan. 25, 2019), as justification to deny Heendeniya CM/ECF access privileges, the following 2 examples show how that case too is inappropriate legal authority. *See* below:

i) On November 15, 2018, the Court entered a Case Management and Scheduling Order ("CMSO") (Doc. 17), which required that each party file a Certificate of Interested Persons and Corporate Disclosure Statement ("Certificate") by November 30, 2018. Plaintiff did not meet this deadline. On December 3, 2018, this Court entered an Order ("Show Cause Order") (Doc. 20) requiring Plaintiff to show cause why sanctions should not be imposed for her failure to comply with the CMSO. To date, Plaintiff has still not filed her Certificate.

*Postell* v. *Nestle Prepared Foods Co. USA*, No. 3:18-cv-1134-J-JBT (M.D. Fla. Jan. 25, 2019).

**ii)**  In the Motion to Dismiss, Defendant argues that this Court should dismiss this case, or in the alternative, award monetary sanctions, because Plaintiff has failed to comply with the Show Cause Order and failed to adhere to the deadlines in the CMSO.

...

Defendant further states that Plaintiff has not provided it with her Mandatory Initial Disclosures ("Disclosures"), which were required to be served on Defendant on or before November 30, 2018. (See Doc. 21 at 3; Doc. 17 at 1.) Defendant asserts that Plaintiff's failure to provide the Disclosures "severely prejudices the Defendant in its ability to defend against Plaintiff's allegations."

*Postell* v. *Nestle Prepared Foods Co. USA*, No. 3:18-cv-1134-J-JBT (M.D. Fla. Jan. 25, 2019).

26. Therefore, the Magistrate Court failed to take into its analysis the significant fact that Heendeniya is financially indigent, and that, going forward, to make Heendeniya go through the significant financial burden of having to print, photocopy, and mail all pleadings, motions, legal memoranda, and briefs in this case is clearly erroneous or contrary to law.

27. Furthermore, the Magistrate Court erred by using the 2 prior noted cases in its analysis that were inapplicable or inappropriate, given the facts regarding Heendeniya's instant case, and his litigation history in this Court and in 2 prior federal courts in New York (For example, as noted in Dkt. No. 4, Heendeniya was given CM/ECF electronic filing privileges with the U.S. District Court for The Northern District of New York and the U.S. Court of Appeals for The Second Circuit, both within the past approx. 3 years, and Heendeniya has never been sanctioned as far as his CM/ECF filing privileges with these 2 Courts are concerned, and he has never had his CM/ECF filing privileges revoked by any court).

**28.** Therefore, given the prior noted factual and legal reasons, the Court should grant Heendeniya

CM/ECF electronic filing privileges with the U.S. District Court for The Middle District of

Florida.

### CERTIFICATE OF GOOD FAITH CONFERENCE

None of the named Defendants have yet been served, because Heendeniya is in the midst of

preparing to file the amended complaint. Hence, no attorneys representing any of the Defendants

have made appearance in the instant case yet.

Respectfully submitted,

*Pro se*, mentally and physically disabled Plaintiff,

Umesh Heendeniya

P. O. Box 5104

Spring Hill, FL-34611

(508)-630-6757

umeshheendeniyavsthefbi@gmail.com

Dated : May 04, 2020.

*Umesh Heendeniya v. Thomas Miller, et al.*