# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UMESH HEENDENIYA,

    Plaintiff,

v.

THOMAS MILLER, FBI Agent
assigned to the Tampa-Orlando Joint
Task Force (JTTF), *et al.*,

    Defendants.

_____/

CASE NO. 8:20-cv-114-T-02SPF

## **ORDER**

Before the Court is Plaintiff's timely Objection (Dkt. 13) to Magistrate Judge Flynn's order of April 17, 2020 (Dkt. 12).[1] Judge Flynn's order found that the complaint failed to state a short, plain statement of a claim upon relief could be granted but gave Plaintiff until May 4, 2020 to file an amended complaint. The order also denied Plaintiff access to electronic filing. Dkt. 12 at 3–4. Rather than file an amended complaint, Plaintiff filed an objection to the denial of access to CM/ECF.

Applying the appropriate standard of review, this Court finds the magistrate judge's ruling is not clearly erroneous or contrary to law. 28 U.S.C.

---

[1] Plaintiff filed objections within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a).

§636(b)(1)(A); Fed. R. Civ. P. 72(a). As noted by Plaintiff, the standard is highly deferential, even more so than *de novo* review. *See* Dkt. 13 at 5, citing *Lanard Toys Ltd. v. Toys "R" Us – Delaware, Inc.*, No. 3:15-cv-849-J-34PDB, 2017 WL 2992059, at *1 (M.D. Fla. July 14, 2017).²

In the Middle District of Florida, access to electronic filing is not granted "unless extenuating circumstances exist." Dkt. 12 at 3, citing *Huminski v. Vermont*, No. 2:13-cv-692-FtM-29DNF, 2014 WL 169848, at *4 (M.D. Jan. 14, 2014); *Postell v. Nestle Prepared Foods Co. USA*, No. 3:18-cv-1134-J-JBT, 2019 WL 5102552, at *2 (M.D. Fla. Jan. 25, 2019). Plaintiff argues that *Huminski* and *Postell* are distinguishable on the facts. Unlike the plaintiffs in those cases, Plaintiff asserts he has been permitted access in New York courts twice before, and he does not have a history of abusive litigation behavior or of noncompliance with court orders.

Although Plaintiff does not have a history in this District, as this is presumably his first case filed here, the reason of saving the court staff time in scanning and uploading his lengthy amended complaint and exhibits is not an "extenuating circumstance." The magistrate judge even warned against refiling a lengthy amended complaint because it must comport with the short and plain

---

² *See generally Yormak v. Yormak*, 2:14-cv-33-FtM-29CM, 2014 WL 12634275 (M.D. Fla. Nov. 3, 2014) (overruling objections regarding electronic filing access).

statement mandated by Rule 8(a)(2).  *See* Dkt. 12 at 3 ("While Plaintiff has stated his intention to file an amended complaint that is "several hundreds of pages in length" . . . [a]n amended complaint that is excessive in length may be subject to dismissal.").  By admitting in the objections that he contemplates again filing a lengthy amended complaint, Plaintiff demonstrates his disregard for at least a portion of the order to which he objects.  See *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 877–78 (11th Cir. 2011) (affirming district court's denial of electronic access where *pro se* party filed 258-page amended complaint; complaint was not short and plain statement of claim).

    Plaintiff also claims the other reasons supporting electronic filing privileges were overlooked, specifically his indigency.  Indigency is but one consideration in determining access to electronic filing.  Whether Plaintiff files a non-frivolous complaint is another consideration.  *Cf. Griesdorf v. Governor, State of Fla.,* No. 6:15-cv-775-Orl-28KRS, 2015 WL 9243894, at *3–4 (M.D. Fla. Nov. 10, 2015) (determining denial of password access did not deny due process and noting that frivolity is determined as part of indigency review), *adopted in*, 2015 WL 9255337 (M.D. Dec. 17, 2015).  Plaintiff must first comply with the magistrate judge's order by filing a short and plain statement of the claims for relief.  Plaintiff may file another request for electronic access for the magistrate judge's consideration along with the amended complaint.

Accordingly, Plaintiff's objections (Dkt. 13) are overruled. Plaintiff shall file an amended complaint consistent with the magistrate judge's order (Dkt. 12) no later than May 26, 2020.

**DONE AND ORDERED** at Tampa, Florida, on May 12, 2020.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Plaintiff, *pro se*